UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) JOHNSON CONTROLS ) ) Defendant. ) ) | CASE NO. 5:05CV0023 <br><br>HONORABLE **Richard Alan Enslen** **U.S. District Judge** <br><br>COMPLAINT AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Leigh Cisler who was adversely affected by such practices. The EEOC alleges that Defendant, Johnson Controls, subjected Cisler to a sexually hostile work environment and that the Defendant, having knowledge of the harassment, failed to take corrective action reasonably calculated to end the harassment and prevent it from recurring.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Michigan,

Northern Division.

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Johnson Controls ("Employer" or "Johnson Controls"), has continuously been a corporation doing business in Holland, Michigan, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Leigh Cisler filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 1998, Defendant Employer has engaged in unlawful employment practices at its Holland, Michigan facility, in violation of Section 703(a), 42 U.S.C. § 2000e-2(a). The Defendant's unlawful employment practices include the following:

a. Several of the Defendant's male employees created a sexually hostile work environment for Cisler, by constantly subjecting her to unwelcome sexual comments.

b. One male co-worker, frequently made advances toward Cisler, but she rejected them. Soon after, he began to accuse her of loose behavior, being a "whore" and sleeping with people from work.

  c. Another male co-worker tried to get Cisler to stay after work and suggested to her that they could go out to his truck.

  d. A third male co-worker began discussing his sex life with Cisler, and she told him she did not want to hear about it. He started touching her buttocks and pressing himself against her while she was operating a 2-ton machine. She was unable to do anything more than ignore it as best she could to make sure she was not crushed by the machine.

  e. A fourth male co-worker told her to meet him at Meijer and then screamed at her when she did not appear. He also walked past her reciting her driver's license number. Then Cisler began to see him in her neighborhood and in other parts of town.

  f. In September 2002, the male co-workers on the Camry line sang the national anthem to Cisler's rear end since she had a flag on her jean pocket. Cisler complained about this conduct but her supervisor told her she brought it on herself by wearing the pants.

  g. A fifth male co-worker, claiming he was conducting a survey, asked Cisler, "Do you swallow when you go down on your husband."

  h. A sixth co-worker, asked Cisler in front of the entire team, if she groomed her pubic area.

  i. On October 30, 2003, Charging Party's male co-workers were talking about gun control and one male asked Cisler if she wanted to see his "bazooka."

  j. The tooling supervisor came up from behind Cisler and pressed his body against her.

  k. From January 2003 - October 2003, a seventh male co-worker made several sex-based harassing comments including the following:

- used his hands in a circular motion around his groin and said "I've got something you can help me with."

- while standing at the microwave, he stated that he was going to whip it out and fling it around a little bit; and said, "for all those who may not understand I'm talking about my food."

- The male co-worker touched and grabbed Cisler's buttocks while standing in the kitchen break room area.

l.  During the entire course of Cisler 's employment, Cisler was forced to listen to sex-based comments made by several male employees. Cisler repeatedly requested that they stop making such comments, but they refused and continued to make sexually hostile comments.

m.  Cisler complained to her supervisors and the human resources department on numerous occasions about the above-mentioned sexually hostile environment. In spite of Defendant's knowledge of the harassment and the sexually hostile work environment, the Defendant failed to take corrective action reasonably calculated to end the harassment and prevent it from recurring.

8.  The effect of the pattern and practice of conduct complained of in paragraph 7 above has been to deprive Cisler of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.  The unlawful employment practices complained of in paragraph 7 above were and are intentional.

10.  As the result of the unlawful employment practices, Cisler has suffered emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

11.  The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of Cisler.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant Employer to make whole Cisler, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to pay Cisler compensatory damages resulting from the unlawful employment practices described in paragraph 7 above in amounts to be proven at trial.

E. Order Defendant Employer to pay Cisler punitive damages for its malicious or reckless conduct described in paragraph 7 above, in amounts to be proven at trial.

F. Order Defendant Employer to pay nominal damages.

G. Order Defendant Employer to provide training to its employees regarding the requirements of Title VII, including sexual harassment.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

|  |  |
|---|---|
| DATED: February 4, 2005 | ERIC S. DREIBAND<br>General Counsel<br><br>JAMES N. LEE<br>Deputy General Counsel<br><br>*/s/ Adele Rapport*<br>ADELE RAPPORT (P44833)<br>Regional Attorney<br><br>ROBERT K. DAWKINS (P38289)<br>Supervisory Trial Attorney<br><br>TAMMY C. KLEIN (P60256)<br>Trial Attorney<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>DETROIT DISTRICT OFFICE<br>Patrick V. McNamara Building<br>477 Michigan Avenue, Room 865<br>Detroit, Michigan 48226<br>Telephone: (313)226-5673 |