UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

JOHNSON CONTROLS, INC.,

    Defendant.

Case No. 5:05-CV-023

Hon. Richard Alan Enslen
U.S. District Court Judge

| | |
|---|---|
| ADELE RAPPORT (P44833)<br>ROBERT K. DAWKINS (P38289)<br>TAMMY C. KLEIN (P60256)<br>Equal Employment<br>Opportunity Commission<br>477 Michigan Avenue, Room 865<br>Detroit, Michigan 48226<br>(313) 226-5673<br>Attorneys for Plaintiff | Jeffrey S. Kopp (P59485)<br>Foley & Lardner LLP<br>Attorney for Defendant Johnson Controls<br>One Detroit Center<br>500 Woodward Avenue, Suite 2700<br>Detroit, Michigan 48226-3489<br>(313) 234-7100 (Telephone)<br>(313) 234-2800 (Facsimile)<br><br>SUSAN R. MAISA<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI, 53202<br>(414) 297-5822<br>Attorneys for Defendant |

## **CONSENT DECREE**

On or about February 2005, the Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") commenced this action in the United States District Court for the Western District of Michigan against Johnson Controls, Inc. ("Defendant" or "Johnson Controls") on behalf of Charging Party Leigh Cisler ("Cisler" or "Charging Party"). In its Complaint, the Commission alleged that Cisler had been subjected to sexual harassment and

subjected to a sexually hostile work environment. Johnson Controls has denied and does deny these allegations.

## FINAL DISPOSITION

1. Through this Consent Decree ("Decree"), the Commission, Cisler and Defendant, Johnson Controls, desire to forever resolve and settle all issues that were raised or could have been raised in Civil Action No. 5:05-CV-023, without the burden expense and delay of further litigation of all issues that were raised or could have been raised in this lawsuit, and intend to be bound by the promises made herein.

## STIPULATION OF FACTS

2. The parties stipulate and agree that the Commission is the Agency of the United States Government authorized to investigate allegations of unlawful employment discrimination, to bring civil actions, to prohibit unlawful employment practices and seek relief for individuals affected by the practices complained of in this lawsuit.

3. Defendant, Johnson Controls, is an employer engaged in an industry affecting commerce within the meaning of section 701 (g) and (h) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e (g) and (h). Johnson Controls has been continually doing business within the state of Michigan, City of Holland and engaging in an industry effecting commerce and has had at least fifteen (15) employees for at least twenty (20) calendar weeks during the relevant period of time.

4. Pursuant to Title VII, the parties acknowledge the jurisdiction of the United States District Court for the Western District of Michigan over the subject matter and parties to this case for the purpose of entering this Decree, and if necessary enforcing the provisions of this Decree.

5. Venue is appropriate in the Western District of Michigan.  For purposes of this Decree and proceedings related to this Decree only, Johnson Controls agrees that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

## MONETARY PAYMENTS

6. Defendant agrees to take the following action:

Pay Cisler and her attorneys the total amount of $125,000 (one hundred twenty-five thousand dollars) to be divided into various payments as set forth in a separate release and settlement agreement between Cisler and the Defendant.  These payments listed above will be made by delivering checks to Cisler's counsel, Ann Cooper, at Drew, Cooper & Anding, Ledyard Building, Suite 300, 125 Ottawa Avenue, N.W., Grand Rapids, MI  49503-2898.  A copy of the settlement checks to Cisler and her counsel shall be sent to Regional Attorney for the Detroit office of the EEOC and Trial Attorney Tammy Klein at 477 Michigan Avenue, Room 865, Detroit, Michigan 48226, within fourteen (14) days after the checks are sent to Cisler's counsel.  Defendant will also pay the full fee of the mediator for his services to the parties at the mediation held on July 20, 2005.

7. Defendant will not be obligated to make the payments described in paragraph 6 above until ten (10) business days after the Defendant's counsel, Susan R. Maisa, has received all of the documents specified in the separate release and settlement agreement between Cisler and Defendant.

8. The payments referenced in paragraph 6 above are the same payments referenced in the settlement agreement and release entered into between Cisler and Defendant and in the agreement to redeem liability entered into between Cisler and Defendant.

Case 5:05-cv-00023-RAE   ECF No. 22 filed 10/19/05   PageID.86   Page 4 of 8

## NON-RETALIATION

9.    Johnson Controls will not retaliate against any person known to it who participated or cooperated in any investigation or proceedings in EEOC Charge No. 230-2004-00849 or this action because they participated or cooperated in such charge or this action.

## NON-DISCRIMINATION

10.    The Defendant agrees that it will adhere to its obligations under Title VII. An alleged violation of this particular paragraph of this Consent Decree will not be the basis of any enforcement action or proceeding by the EEOC pursuant to this Consent Decree. However, nothing in this paragraph would prevent the EEOC from pursuing an enforcement action or proceedings based on an alleged breach of any other paragraph of this Decree.

## DISPUTE RESOLUTION AND COMPLIANCE

11.    The parties agree that this Court shall retain jurisdiction and will have all available suitable powers, including injunctive relief to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing a claim by either party of a breach of or failure to comply with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give notice to each other thirty (30) business days before moving for such review. If such review is deemed necessary by either party, discovery will be conducted in an expedited fashion.

## POSTING OF NOTICE

12.    Johnson Controls shall post the notice attached as "Exhibit A" in at least one conspicuous place at its facility located at 1600 South Washington Drive, Holland, Michigan for a period of one (1) year.

4
MILW_1877957.3

## NON-ADMISSION OF LIABILITY

13. In the interest of resolving this matter to avoid the expense and uncertainty of litigation, EEOC and Defendant have agreed that this action should be finally resolved by the entry of this Decree. Nothing in this Decree is intended to be, nor will it be deemed to be, an admission of liability or wrongdoing by Johnson Controls or an adjudication of the rights of either party or an adjudication of the merits.

## ALLOCATION OF COSTS

14. The parties agree to pay their respective cost and attorney fees associated with the drafting and enforcement of this Decree. Each party shall also bear their own costs and attorneys' fees in connection with this action.

## SEVERABILITY CLAUSE

15. If any provision of this Decree is found to be unenforceable by a Court, only the specific provisions in question shall be affected and the other enforceable provisions shall remain in full force.

## TRAINING

16. Within six (6) months of the entry of this Consent Decree, Johnson Controls will provide approximately one (1) hour of training on Title VII of the Civil Rights Act of 1964, as amended, to the supervisors, employees and human resource personnel at its facility located at 1600 South Washington Drive, Holland, Michigan who are responsible for handling a complaint of sexual harassment. The training will focus on Title VII's prohibitions against sexual harassment in the workplace. In the training, the Company shall also place emphasis on the 1-800 number it has available for employees to make anonymous complaints of sexual harassment. A statement by Defendant's counsel certifying compliance with this provision of this Decree shall be provided to the Regional Attorney of the Detroit office of the EEOC and

5

Trial Attorney Tammy Klein within fifteen (15) days of the completion of the training at the above mentioned address, along with a copy of the sign-in sheets Defendant uses at the training session(s).

## ENTIRE AGREEMENT

17. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to the agreement must be mutually agreed upon in writing and signed by the parties hereto.

18. The parties agree that the duration of this Decree shall be for a period of one (1) year.

## RESOLUTION OF CASE

19. Both parties request that this Court approve this Decree and, pursuant to FRCP 41(a)(2), dismiss this case with prejudice, without costs or attorneys' fees to either party, and with the Court reserving jurisdiction only as necessary to enforce this Decree. The EEOC further agrees that it will not file another lawsuit against Johnson Controls on behalf of Cisler on an issue that could have been brought in connection with this lawsuit.

Respectfully Submitted,

| | |
|---|---|
| /s/ Adele Rapport | /s/ Jeffrey S. Kopp (with permission) |
| ADELE RAPPORT (P44833) | Jeffrey S. Kopp (P59485) |
| ROBERT K. DAWKINS (P38289) | Foley & Lardner LLP |
| TAMMY C. KLEIN (P60256) | Attorney for Defendant Johnson Controls |
| Equal Employment Opportunity Commission | One Detroit Center |
| Patrick V. McNamara Building | 500 Woodward Avenue, Suite 2700 |
| 477 Michigan Avenue, Room 865 | Detroit, Michigan 48226-3489 |
| Detroit, MI  48226 | (313) 234-7100 (Telephone) |
| (313) 226-5673 | |
| Attorney for Plaintiff | SUSAN R. MAISA (SBN 1003963) |
| | Foley & Lardner LLP |
| | 777 East Wisconsin Avenue |
| | Milwaukee, Wisconsin  53202 |
| | (414) 297-5822 |

MILW_1877957.3

Attorneys for Defendant

IT IS SO ORDERED:

/s/ Richard Alan Enslen
HONORABLE RICHARD ALAN ENSLEN
U.S. District Court Judge

October 19, 2005
DATED

MILW_1877957.3

**EXHIBIT A**

**NOTICE TO ALL EMPLOYEES**

This Notice is being posted as a result of a Consent Decree entered between the United States Equal Employment Opportunity Commission and Johnson Controls, Inc. in *E.E.O.C. v. Johnson Controls, Inc.*, Civil Case No. 5:05-CV-023, to inform you of your rights guaranteed by federal law under Title VII of the Civil Rights Act ("Title VII"). Title VII prohibits discrimination against any employee on the basis of gender with regard to any term or condition of employment including hiring, layoff, recall, promotion, discharge, pay and fringe benefits or in retaliation for the opposition to unlawful employment practices. This prohibition against gender discrimination includes a prohibition against sexual harassment. This Notice is posted as part of a resolution to a lawsuit filed by the U.S. Equal Employment Opportunity Commission on behalf of a former employee who alleged that she was sexually harassed. Johnson Controls denies that the employee was sexually harassed or otherwise discriminated against.

The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, files lawsuits in federal court to enforce the anti-discrimination provisions of Title VII. Any employee who believes that he/she is the victim of discrimination or retaliation has the legal right to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

Johnson Controls supports and will comply with this federal law in all respects. Johnson Controls will not take any action against any employees because they have exercised their rights under Title VII.

_____      _____
Dated                                                                Johnson Controls, Inc.